IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Larry Anthony Mercado,<br><br>   Plaintiff,<br> v.<br><br>Vannadium, Inc; Richard Gilchrist; and Rosemarie Savino,<br><br>   Defendants. | Case No. 2:25-cv-12724-RMG<br><br>**ORDER** |

  Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 31) recommending that Plaintiff's motion for remand be denied and Defendants' motion to dismiss for lack of jurisdiction be granted. Plaintiff was advised that a failure to timely file written objections to the R & R would result in limited clear error review and waiver of the right to appeal the District Court's order. (*Id*. at 15). Plaintiff filed no objections to the R & R. As set forth below, the Court adopts the portion of the R & R relating to the motions to remand and to dismiss (*Id*. at 1-17) as the order of the Court and dismisses this action for lack of personal jurisdiction over Defendants.

**Legal Standard**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

1

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff, acting pro se, filed suit against Defendants alleging that they had failed to pay him $55,000 in back pay and $5,401.14 in expenses for business development and investor relations work. He further asserted $25,000 for "equitable relief." The named Defendants are Vannadium, Inc., a Delaware Corporation with its principal place of business in Virginia, and Defendants Gilchrist and Savino, both Virginia residents. Plaintiff is a resident of South Carolina. Plaintiff's claims are entirely state causes of action.

This case, originally brought in state court, was removed by Defendants to federal court. Plaintiff then moved to remand the case to state court, arguing that the total damages sought did not meet the $75,000 threshold for diversity jurisdiction. (Dkt. No. 7). The Magistrate Judge carefully analyzed Plaintiff's damage claims to determine whether he met the $75,000 threshold.

After combining Plaintiff's claims for back wages, expenses, and equitable relief, the Magistrate Judge correctly determined that Plaintiff's claims satisfied the $75,000 threshold for diversity jurisdiction. (Dkt. No. 31 at 4-7).

The Magistrate Judge then addressed the Defendants' motion to dismiss for lack of general and specific jurisdiction over them. (Dkt. No. 13). The Magistrate Judge first addressed the issue of general jurisdiction and concluded that there was no general jurisdiction over Defendants in South Carolina.

The Magistrate Judge then addressed specific jurisdiction and concluded that Defendants had essentially no business relationship with South Carolina beyond contracting with a person who happened to reside in South Carolina. The Magistrate Judge found that Plaintiff's work with potential investors was literally worldwide and that "South Carolina was merely incidental to [Plaintiff's] working relationship with Defendants . . ." (Dkt. No. 31 at 15). After a detailed review of the full record in this matter, the Magistrate Judge concluded that "the undersigned cannot find that Defendants purposefully directed their activities at South Carolina such that exercise of jurisdiction would comport with due process." (*Id.* at 16). The Magistrate Judge further recommended that Plaintiff's request for jurisdictional discovery be denied because such was not likely to lead to facts sufficient to defeat Defendants' motion to dismiss. (*Id*. at 16-17).

The Court finds that the Magistrate Judge ably summarized the factual issues associated with Plaintiff's motion to remand and Defendants' motion to dismiss and correctly concluded the motion to remand should be denied and the motion to dismiss for lack of jurisdiction should be granted.

**Conclusion**

Based on the foregoing, the Court **ADOPTS** the portion of the R & R relating to the motions to remand and to dismiss of the Magistrate Judge (Dkt. No. 31 at 1-17) as the order of the Court, **DENIES** the motion to remand (Dkt. No. 7), **GRANTS** the motion to dismiss (Dkt. No. 13), and **DISMISSES** this action for lack of jurisdiction over the Defendants.

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 30, 2025
Charleston, South Carolina